# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

CHANDRA L. THOMPSON
Individually and on Behalf of All
Others Similarly Situated,

            Plaintiffs,

v.

FACEBOOK, INC
[Serve at:
1601 S. California Ave.
Palo Alto, CA 94304]

DOES 1 THROUGH 10,

Defendants.

Case No:

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, on behalf of herself and all others similarly situated, alleges and avers as follows:

## INTRODUCTION

1.     This class action arises out of improper and unlawful actions by the Defendants who participated in a scheme to intercept, endeavor to intercept, or procure the Plaintiff and the Class members' personal information as prohibited by law.

2.     Plaintiff and the Class members are individuals who subscribe to the online social media site Facebook.

3.     Facebook maintains personal information pertaining to each individual as well as monitors the individual online habits of its users keeping track of websites they

visit.

4. Upon obtaining personal information and/or wire or electronic communications of the Plaintiff, Facebook conspired to use said information for target marketing which pertained to the Plaintiff and the individual Class members, over the Internet.

5. Such conduct was committed in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 as amended by the Electronic Communication Privacy Act of 1986, 18 U.S.C. § 2511, *et seq.* (the "Wiretap Act").

## PARTIES

### Plaintiffs

4. Plaintiff Chandra L. Thompson is an individual who resides at 5103 Flurry Drive, Columbia, Missouri. Upon information and belief, Defendants intercepted, collected and stored personal information from Plaintiff.

### Defendants

5. Defendant is a company organized and existing under the laws of Delaware with is principal place of business at 1601 S. California Ave. Palo Alto, California. 94304. Upon information and belief, Facebook, Inc. owns and/or operates websites including www.facebook.com, which offer online social interaction and picture storage. Facebook is not registered with the Missouri Secretary of State to do business in Missouri but as of May 12, 2011, was administratively dissolved for failing to file an annual report.

6. Defendants Doe 1 through 10 are the remaining directors, employees, agents, or

contractors of Facebook that are yet to be named and whose identity will become known through discovery and/or by requests made by Plaintiff or the members of the plaintiff class, after which such remaining defendants will be added as individual defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action and all the defendants pursuant to 28 U.S.C. § 1331 in that this action arises under statutes of the United States, specifically violations of the "Wiretap Act".

8. Additionally, this Court has personal jurisdiction over Defendant Facebook, Inc. pursuant to the Missouri long-arm statute, § 506.500 RSMo., since Facebook, Inc. transacted business and made contracts in Missouri directly through the website www.facebook.com, violated the law within the state of Missouri, and otherwise has sufficient minimum contacts with the state of Missouri as more particularly described below.

9. Defendant Facebook, Inc. has sufficient minimum contacts such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Facebook has voluntarily submitted itself to the jurisdiction of this Court and jurisdiction is proper because, among other things:

   a. Facebook, Inc. directly and purposefully obtained, misappropriated and used personal information and/or information relating to wire or electronic communications of individuals living in Missouri, including the Plaintiff and the individual Class members;

   b. Facebook, Inc. committed tortuous acts within this state by

misappropriating personal information and/or wire or electronic communications of citizens of Missouri and otherwise violating the Wiretap Act and 42 U.S.C. § 1983;

    c.    Plaintiff's and the Class members' causes of action directly arise from Facebook's commission of tortious and unlawful acts in Missouri;

    d.    Plaintiff's and the Class members' causes of action directly arise from Facebook's transaction of business in Missouri;

    e.    Facebook, Inc. should reasonably anticipate being haled into court in Missouri to answer for its unlawful acts. Missouri has a strong interest in providing a forum for its residents aggrieved by violations of the law.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because a substantial amount of the acts and omissions giving rise to this cause of action occurred in the Western District of Missouri.

## GENERAL ALLEGATIONS

11.    Defendant Facebook, Inc. operates a website, www.facebook.com, which is primarily a social networking site.

12.    In conducting its business, Facebook, Inc. aggregates data on individual members of the public and uses that information in furtherance of marketing and advertising.

13.    Facebook tracks, collects and stores wire or electronic communications of its users, including but not limited to their Internet browsing history.

14.    Leading up to September 23, 2011, Facebook tracked, collected and stored its users' wire or electronic communications, including but not limited to portions of

their Internet browsing history even when the users were not logged-in to Facebook.

15. Plaintiff did not give consent or otherwise authorize Facebook to intercept, track, collect and store her wire or electronic communications, including but not limited to her Internet browsing history when not logged-in to Facebook.

16. The electronic information procured by Facebook, Inc. while Plaintiff was not logged-in to Facebook contained personal information and/or wire or electronic communications of the Plaintiff.

17. At all times material, Defendant knew, or reasonably should have known, that their actions violated clearly established statutory rights of the Plaintiff and the Class members.

## CLASS ACTION ALLEGATIONS

18. This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ. P. 23(b)(3). Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following class and subclass:

> All individuals in the United States who subscribe to Facebook and whose electronic internet information was intercepted by Facebook when the individuals were not logged-in to Facebook.

Excluded from the Class are (1) any individual defendant who opts out of the class; (2) any member of the immediate family of any individual defendant; and/or (3) any member of the undersigned attorney's immediate families.

19. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control

of the defendants.

20.    The Class members are so numerous that individual joinder of all members is impractical. This allegation is based upon information and belief that Defendant intercepted the personal information of millions of Facebook users of which there are more than 150 million in the United States.

21.    There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme participated in by all defendants. The principal common issues include, but are certainly not limited to the following:

a.    The nature and extent of the Defendant's participation in intercepting the and/or wire or electronic communications of class members;

b.    Whether or not the interception of wire or electronic communications was intentional;

c.    Whether or not Defendant should be enjoined from intercepting any wire or electronic communications without the consent of its users;

d.    Whether the actions taken by Defendant in intercepting the wire or electronic communications of class members violate the Wiretap Act and/or 42 U.S.C. § 1983;

e.    The nature and extent to which the wire or electronic communications of Class members was unlawfully intercepted, tracked, stored or used;

f.    The nature and extent of the Class members actual damages;

g.    The nature and extent of all statutory penalties or damages for which the Defendant are liable to the Class members; and

h.    Whether punitive damages are appropriate.

22.    Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

23.    Plaintiff will fairly and adequately represent and protect the interests of the Class. She has suffered injury in her own capacity from the practices complained of and is ready, willing and able to serve as class representative. Moreover, Plaintiff's counsel is experienced in handling class actions and actions involving unlawful commercial practices. Neither Plaintiff nor her counsel has any interest that might cause them not to vigorously pursue this action.

24.    Certification of a plaintiff class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of the defendants.

25.    Alternatively, certification of a plaintiff class under Fed. R. Civ. P. 23(b)(1) is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the

defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

**COUNT I**
**(Violation of the Wiretap Act)**

26. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27. As described herein, Facebook, Inc. intentionally intercepted and collected wire or electronic communications from its users.

28. At times, Facebook, Inc. intercepted and collected information from its users without their consent while the users were not logged-in to Facebook.

29. The transmission of data between Plaintiff's computer and the Internet constitute "electronic communication" within the meaning of 18 U.S.C. § 2510(12).

30. Facebook's data collection practices as described herein constitute "interceptions" within the meaning of § 2510(4).

31. As a direct and proximate result of such unlawful conduct, Defendant violated 18 U.S.C. § 2511 in that the Defendants:

   a. Intentionally intercepted, endeavored to intercept, or procured another person to intercept wire and/or electronic communications of the Plaintiff;

   b. Upon belief predicated upon further discovery, intentionally disclosed or endeavored to disclose to another person the contents of Plaintiff's wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(a).

c. Upon belief predicated upon further discovery, intentionally used or endeavored to use the contents of Plaintiff's wire or electronic communications, knowing or having reason to know that the information through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(a).

32.    As a result of the above violations and pursuant to 18 U.S.C. § 2520, Defendant is liable to Plaintiff and the Class in the sum of statutory damages consisting of the greater of $100 for each day each of the class members' data was wrongfully obtained or $10,000.00 per violation; injunctive and declaratory relief; punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Facebook in the future, and a reasonable attorney's fee and other litigation costs reasonable.

## COUNT II
### (Violation of 42 § 1983 vs. the individual defendants)

33.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein. At all material times, the individual defendants were employees, agents or officers of Facebook, Inc.

34.    Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

35. The policies, procedures, practices and acts of the Defendants described above, have subjected Plaintiff and the Class members to the deprivation of their rights of privacy, as secured to them by the Wiretap Act, and are therefore in violation of 42 U.S.C. § 1983.

36. This statutory right to privacy under the Wiretap Act was clearly established at the time of the individual defendants' violations.

37. As a proximate result of the individual defendants' conduct as set forth above, Plaintiff and the Class members have sustained damages.

38. Plaintiff has been required to engage the services of the undersigned attorneys to prosecute this action. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in this action.

## COUNT III
### (Unjust enrichment)

39. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

40. Plaintiff conferred a benefit on Defendant without Plaintiff's consent, namely access to her wire or electronic communications over the Internet.

41. Upon information and belief, Defendant realized such benefits through either sales to third-parties or greater knowledge of its own users' behavior without their consent.

42. Acceptance and retention of such benefit without Plaintiff's consent is unjust and inequitable.

## COUNT IV
### (Intrusion upon seclusion)

43. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44. In intercepting Plaintiff's wire and electronic communications on the Internet,

Defendants intentionally intruded upon her solitude or seclusion.

45. Plaintiff did not consent to Defendant's intrusion.

46. Defendant's intentional intrusion on Plaintiff's solitude or seclusion without her consent would be highly offensive to a reasonable person.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the Class respectfully prays for judgment against the defendants as follows:

a) For an order certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) or, in the alternative, Fed. R. Civ. P. 23(b)(1) and appointing Plaintiff and her counsel, to represent the Class and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

b) For a declaration that the Defendants' actions violated the 18 U.S.C. 2511 *et seq.* and 42 U.S.C. § 1983;

c) For a declaration that the Defendants, through their actions and misconduct as alleged above, have been unjustly enriched and an order that Defendants disgorge such unlawful gains and proceeds

d) For all actual damages, statutory damages, penalties, and remedies available for the defendants' violations of 18 U.S.C. 2511 *et seq.* and 42 U.S.C. § 1983;

e) That judgment be entered against Defendant for statutory damages pursuant to 18 U.S.C. 2520(c)(2)(B);

f) That judgment be entered against Defendant for statutory damages pursuant to 18 U.S.C. 2520(b)(2);

g)    That Plaintiff and the Class recover pre-judgment and post-judgment interest as permitted by law;

h)    For an award to Plaintiff and the Class of their reasonable attorneys fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. 2520(b)(3);

i)    That the court enter an order granting Plaintiff and the Class a preliminary and permanent injunction restraining and enjoining Defendant from any act to intercept electronic information from its users when they are not logged in and from disclosing any of the information already acquired on its servers;

j)    That the Court grant such other and further relief as may be just and proper;

## JURY DEMAND

Plaintiff demands that all issues so triable in this Complaint be tried to a jury.

Dated this 30th day of September, 2011.

Respectfully Submitted,

BARNES & ASSOCIATES

BY: /s/Randall O. Barnes
Randall O. Barnes, Mo. Bar #39884
219 East Dunklin Street, Suite A
Jefferson City, MO 65101
Ph: 573.634.8884
Fax: 573.635.6291
Email: rbarnesjclaw@aol.com
ATTORNEYS FOR PLAINTIFFS

BERGMANIS LAW FIRM, L.L.C.

BY: /s/Andrew S. Lyskowski
Erik A. Bergmanis, Mo. Bar #33151
Andrew S. Lyskowski, Mo. Bar #58307
Attorneys at Law
380 W. Hwy. 54, Ste. 201
P.O. Box 229
Camdenton, Missouri 65020
Phone: (573) 346-2111
Fax: (573) 346-5885
Email: alyskowski@ozarklawcenter.com
ATTORNEYS FOR PLAINTIFFS